UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA HELEN HERNANDEZ,<br><br>Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 1:22-cv-01096-HBK<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT, AND REMANDING CASE TO COMMISSIONER OF SOCIAL SECURITY [1]<br><br>(Doc. Nos. 20, 22) |

Christina Helen Hernandez ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her application for supplemental security income under the Social Security Act. (Doc. No. 1). The matter is currently before the Court on the parties' briefs, which were submitted without oral argument. (Doc. Nos. 20, 22). For the reasons stated, the Court grants Plaintiff's motion for summary judgment, denies Defendant's motion for summary judgment, and orders this matter remanded to the Commissioner of Social Security for further administrative proceedings.

////

---

[1] Both parties have consented to the jurisdiction of a magistrate judge in accordance with 28 U.S.C. §636(c)(1). (Doc. No. 14).

## I. JURISDICTION

Plaintiff filed for supplemental security income on July 14, 2020, alleging a disability onset date of January 7, 2017. (AR 181-90). Benefits were denied initially (AR 69-81, 101-05) and upon reconsideration (AR 83-99, 115-20). A telephonic hearing was conducted before an Administrative Law Judge ("ALJ") on June 24, 2021. (AR 32-68). Plaintiff was represented by counsel and testified at the hearing. (*Id.*). On July 26, 2021, the ALJ issued an unfavorable decision (AR 13-31), and on June 24, 2022, the Appeals Council denied review. (AR 1-7). The matter is now before this Court pursuant to 42 U.S.C. § 1383(c)(3).

## II. BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and Commissioner. Only the most pertinent facts are summarized here.

Plaintiff was 49 years old at the time of the hearing. (*See* AR 41). She completed eighth grade. (AR 41). She lives alone. (AR 58). Plaintiff has work history as a home health aide and babysitter. (AR 44-47, 63). Plaintiff testified she stopped working after she witnessed her son shot and killed by the police department. (AR 48). She reported she can stand for five to ten minutes, walk for five minutes without a problem, and sit for ten minutes before she gets fidgety and her bones hurt. (AR 43-44). Plaintiff testified that her anxiety and panic attacks intensified after her son was killed, and her panic attacks make her feel like she will pass out, her heart palpitates strongly, she gets clammy and sweaty, and she feels like she is going to die of a heart attack. (AR 53-56). She reported having at least ten panic attacks in six months, and went to the hospital five times in that time frame. (AR 55). Plaintiff was diagnosed with post-traumatic stress disorder after her son died, and she testified it makes her very emotional, triggered by music and certain types of food, and causes difficulty sleeping. (AR 56-57). She reported difficulty with her memory, concentration, and focus. (AR 59-60).

## III. STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the

1  Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or
2  is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012).  "Substantial
3  evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a
4  conclusion." *Id*. at 1159 (quotation and citation omitted).  Stated differently, substantial evidence
5  equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and
6  citation omitted).  In determining whether the standard has been satisfied, a reviewing court must
7  consider the entire record as a whole rather than searching for supporting evidence in isolation.
8  *Id.*

9  In reviewing a denial of benefits, a district court may not substitute its judgment for that of
10 the Commissioner.  "The court will uphold the ALJ's conclusion when the evidence is susceptible
11 to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir.
12 2008).  Further, a district court will not reverse an ALJ's decision on account of an error that is
13 harmless. *Id*.  An error is harmless where it is "inconsequential to the [ALJ's] ultimate
14 nondisability determination." *Id*. (quotation and citation omitted).  The party appealing the ALJ's
15 decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556
16 U.S. 396, 409-10 (2009).

### IV.   FIVE-STEP SEQUENTIAL EVALUATION PROCESS

18 A claimant must satisfy two conditions to be considered "disabled" within the meaning of
19 the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful
20 activity by reason of any medically determinable physical or mental impairment which can be
21 expected to result in death or which has lasted or can be expected to last for a continuous period
22 of not less than twelve months."  42 U.S.C. § 1382c(a)(3)(A).  Second, the claimant's impairment
23 must be "of such severity that he is not only unable to do his previous work[,] but cannot,
24 considering his age, education, and work experience, engage in any other kind of substantial
25 gainful work which exists in the national economy."  42 U.S.C. § 1382c(a)(3)(B).

26 The Commissioner has established a five-step sequential analysis to determine whether a
27 claimant satisfies the above criteria.  See 20 C.F.R. § 416.920(a)(4)(i)-(v).  At step one, the
28 Commissioner considers the claimant's work activity.  20 C.F.R. § 416.920(a)(4)(i).  If the

claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. 20 C.F.R. §

416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## V.     ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since July 14, 2020, the application date. (AR 18). At step two, the ALJ found that Plaintiff has the following severe impairments: anxiety, panic disorder, obsessive compulsive disorder, and post-traumatic stress disorder. (AR 18). At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. (AR 20). The ALJ then found that Plaintiff has the RFC to

> perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant is able to understand, remember, and carry out short and simple instructions in performing unskilled work as defined by the Dictionary of Occupational Titles, while maintaining sufficient attention, concentration, persistence, and pace to perform such work within all requirements of time, quality, and quantity, except would be off task up to 5% of the workday due to distractions from psychiatric symptoms; is able to perform work requiring incidental interaction with the general public, defined as such interaction as she would have if emptying trash cans in an area to which the public would have access; and is able to interact occasionally with supervisors and coworkers, but the majority of her work (defined as 90%) must involve work with things and not people.

(AR 22).

At step four, the ALJ found that Plaintiff is unable to perform any past relevant work. (AR 25). At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that

Plaintiff can perform, including: small parts assembler, laundry worker, and document preparer. (AR 26). On that basis, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, since July 14, 2020, the date the application was filed. (AR 27).

## VI. ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her supplemental security income benefits under Title XVI of the Social Security Act. (Doc. No. 1). Plaintiff identifies the following issue for this Court's review: whether the ALJ properly considered Plaintiff's subjective complaints, and therefore incorporated all of Plaintiff's work-related limitations into the RFC consistent with the nature and intensity of Plaintiff's limitations. (Doc. No. 20 at 13-21).

## VII. DISCUSSION

A claimant's RFC is "the most [the claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a); 20 C.F .R. § 416.945(a). The RFC assessment is an administrative finding based on all relevant evidence in the record, not just medical evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). In determining the RFC, the ALJ must consider all limitations, severe and non-severe, that are credible and supported by substantial evidence in the record. (*Id.*) (RFC determination will be affirmed if supported by substantial evidence). However, an ALJ's RFC findings need only be consistent with relevant assessed limitations and not identical to them. *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1222-23 (9th Cir. 2010). Ultimately, a claimant's RFC is a matter for the ALJ to determine. *See Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001) ("It is clear that it is the responsibility of the ALJ ... to determine residual functional capacity.").

Plaintiff argues the ALJ erred in assessing her RFC because he failed to offer clear and convincing reasons for rejecting her subjective complaints. (Doc. No. 20 at 20-21). An ALJ engages in a two-step analysis when evaluating a claimant's testimony regarding subjective pain or symptoms. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). The ALJ first must determine whether there is "objective medical evidence of an underlying impairment which

1  could reasonably be expected to produce the pain or other symptoms alleged." *Id*. (internal

2  quotation marks omitted). "The claimant is not required to show that his impairment could

3  reasonably be expected to cause the severity of the symptom he has alleged; he need only show

4  that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d

5  586, 591 (9th Cir. 2009) (internal quotation marks omitted).

6  Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the

7  ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ]

8  gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d

9  1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted). "General findings are

10 insufficient; rather, the ALJ must identify what testimony is not credible and what evidence

11 undermines the claimant's complaints." *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir.

12 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a

13 credibility determination with findings sufficiently specific to permit the court to conclude that

14 the ALJ did not arbitrarily discredit claimant's testimony."). "The clear and convincing

15 [evidence] standard is the most demanding required in Social Security cases." *Garrison v.*

16 *Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278

17 F.3d 920, 924 (9th Cir. 2002)).

18 Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably

19 be expected to cause some of the alleged symptoms; however, Plaintiff's "statements concerning

20 the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with

21 the medical evidence and other evidence in the record" for several reasons.[2]  (AR 23).   First, the

22 ALJ found Plaintiff's "allegations are inconsistent with the medical evidence because the

23 claimant responded positively to mental health treatment." (AR 23). Plaintiff argues this was not

---

[2] In addition to the arguments addressed below, the ALJ found that "[c]onsidering any side effects from the claimant's medications, the claimant did not present consistent evidence that she suffers from chronic, significantly limiting side effects from the medications set forth in the record." (AR 23). Plaintiff argues the ALJ failed to identify any actual inconsistency in Plaintiff's statements regarding side effects from medications (Doc. No. 20 at 16-18), and in response the "Commissioner acknowledge[d] that substantial evidence does not support the ALJ's discounting of symptoms based on side effects." (Doc. No. 22 at 11 n.6).

a specific, clear, and convincing reason to reject her pain and symptom testimony.  (Doc. No. 20 at 14-16).  The Court agrees.

A favorable response to treatment can undermine a claimant's complaints of debilitating pain or other severe limitations.  *See Tommasetti*, 533 F.3d at 1040; *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (Conditions effectively controlled with medication are not disabling for purposes of determining eligibility for benefits).  In support of this finding, the ALJ generally noted that Plaintiff's "medication regimen" included mood-stabilizing medications Paxil and Buspar, and anxiolytic medication Antrax; and cited seven treatment notes between January 8, 2020 and July 7, 2021 with mental status examination findings of full orientation, normal attention and perception, normal speech, cooperative behavior, normal thought content, normal memory, and normal judgment and insight.  (AR 23).  As Plaintiff notes, however, these same mental status examinations included findings of nervousness, anxious demeanor, poor appearance, depression, anxious and worried mood, depressive cognitions, ruminations in thought content, and preoccupations.  (AR 476-77, 1518 (noting trauma symptoms and panic symptoms as part of behavioral health symptom review), 1666 ("not feeling well but trying"), 1683-84 (noting same rating of moderate depression and anxiety as compared to her previous rating), 1696, 1704, 1751 (no mental status examination performed at cardiac treatment visit, physical examination found oriented and appropriate mood).

And while the ALJ cites these objective findings in the record as support for her finding that Plaintiff "responded positively" to mental health treatment,[3] she fails to identify or explain how any specific instance of "improvement" undermines Plaintiff's claimed limitations nor does she cite to evidence in the record observing specific improvement in Plaintiff's symptoms due to medication.  *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015) (noting the ALJ did not specifically identify any inconsistencies between the claimant's testimony and the record; rather,

---

[3] Defendant argues the ALJ noted Plaintiff's symptom claims were inconsistent with the objective medical evidence.  (Doc. No. 22 at 8).  However, the Court is not permitted to consider any alleged inconsistency with objective evidence because it was not specifically offered by the ALJ in the decision as reasons to discount Plaintiff's symptom claims.  *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1226 (9th Cir. 2009) (the Court "review[s] the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking.").

"she simply stated her non-credibility conclusion and then summarized the medical evidence supporting her RFC determination."); *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001) (in considering Plaintiff's symptom claims, "the ALJ must specifically identify the statements he or she finds not to be credible and must explain what evidence undermines the testimony"). Here, the treatment notes cited by the ALJ do not indicate that Plaintiff was prescribed mental health medications; and an independent review of the record indicates that Plaintiff repeatedly declined to take anxiety medication, and she testified that she no longer takes anxiety medication because it caused a panic attack and she had to go to the hospital.  (AR 57, 480, 1519 (reporting she discontinued psychotropic medication because it made her feel more anxious), 1521 (plaintiff tried "medication therapy which was ineffective"), 1669, 1685, 1697-98 ("she changed her mind on psychotropic medications and does not want to consult with tele psych provider at this time"), 1706, 1751-52). For all of these reasons, the ALJ's rejection of Plaintiff's symptom claims due to alleged "positive response" to mental health treatment, including medication, was not clear, convincing, and supported by substantial evidence.

Second, the ALJ noted that Plaintiff "reported and testified to a significant range of activities." (AR 24). The ALJ may consider a claimant's activities that undermine reported symptoms. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). However, the Ninth Circuit has "repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day." *Garrison*, 759 F.3d at 1016; *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her [testimony] as to her overall disability."). In support of this finding, the ALJ noted Plaintiff "did not identify needing assistance to feed herself or use the toilet," and was able to maintain relationships with her children and "get along with family, neighbors, friends," and authority figures. (AR 24). As to these activities, however, the ALJ did not identify any specific testimony that she found not to be

credible, nor did the ALJ offer explanations for why the cited evidence of Plaintiff's ability to feed herself, use the toilet, or socialize with family members undermines her symptom claims, particularly as to her difficulties with anxiety and ongoing panic attacks. *See Holohan*, 246 F.3d at 1208. Moreover, Plaintiff reported that she does not take care of her grandchildren anymore because she didn't want to scare them, her daughters do her grocery shopping because she is scared she will have a panic attack, and she is only around family "a short while and then [she wants] to come home right away." (Doc. No. 20 at 19-20 (citing AR 229); AR 58, 61. Thus, substantial evidence does not support the ALJ's reasoning on this issue.

The ALJ additionally found that Plaintiff reported trouble completing tasks but was able to dress, bathe, care for her hair, live alone, prepare simple foods, wash laundry once a week, take out the trash, sweep, and shop in stores; and Plaintiff reported "having the necessary focus, despite her impairments, to pay bills, count change, handle a savings account, use a checkbook or money order, watch television, and play games on her phone. (AR 24). However, the ALJ cited no evidence suggesting that these limited activities were performed by Plaintiff in a manner transferable to a work setting, nor did the ALJ describe activities that contradict her reported symptom claims of anxiety and panic attacks. *Orn v. Astrue*, 495 F.3d 625 (9th Cir. 2007). For all of these reasons, the ALJ's finding that Plaintiff's daily activities were inconsistent with her claimed limitations was not a clear and convincing reason, supported by substantial evidence, to discount her symptom claims.

Based on the foregoing, the Court concludes that the ALJ did not provide clear and convincing reasons, supported by substantial evidence, for rejecting Plaintiff's alleged impairments. On remand, the ALJ must reconsider Plaintiff's symptom claims and reassess the RFC.

**B. Remedy**

Plaintiff contends that the proper remedy in this case is a remand for further administrative proceedings. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (remand for benefits is not appropriate when further administrative proceedings would serve a useful purpose). The Court agrees. Here, the ALJ improperly

considered Plaintiff's symptom claims, which calls into question whether the assessed RFC, and resulting hypothetical propounded to the vocational expert, are supported by substantial evidence. "Where," as here, "there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Treichler*, 775 F.3d at 1101. On remand, the ALJ should reevaluate Plaintiff's symptom claims. The ALJ should also conduct a new sequential analysis, reassess Plaintiff's RFC and, if necessary, take additional testimony from a vocational expert to include all the limitations credited by the ALJ.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion for Summary Judgment (Doc. No. 20) is GRANTED.
2. Defendant's Cross-Motion for Summary Judgment (Doc. No. 22) is DENIED.
3. Pursuant to sentence four of 42 U.S.C.§ 405(g), the Court REVERSES the Commissioner's decision and REMANDS this case back to the Commissioner of Social Security for further proceedings consistent with this Order.
4. An application for attorney fees may be filed by separate motion within thirty (30) days.
5. The Clerk shall enter judgment in favor of Plaintiff, terminate any motions and deadlines, and close this case.

Dated:   December 28, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE